UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESMAEL KEDIR ESSA,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPUTY SHERIFF JASON, and DEPUTY NAJERA,<br><br>    Defendants.<br>_____/ | No. C 11-1907 YGR (PR)<br><br>**ORDER DENYING WITHOUT PREJUDICE ALL MOTIONS;**<br><br>**ORDER DIRECTING DEFENDANTS TO REFILE MOTIONS** |

    This is a federal civil rights action. Defendants move for summary judgment. A recent decision from the Ninth Circuit requires that *pro se* prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939–40 (9th Cir. 2012). Because *Woods* was issued after defendants' motion was filed, the Court hereby DENIES the motion for summary judgment (Docket No. 24) without prejudice, with directions to refile such motion on or before May 25, 2013. **Defendants shall provide the following notice to plaintiff for each motion for summary judgment filed:**

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998). Plaintiff shall file his response to defendants' motion for summary judgment within 30 days after the motion has been filed. Defendants are not required to file a reply, but any reply must be filed within 15 after plaintiff's opposition is filed.

Plaintiff's motion for the appointment of counsel (Docket No. 31) is also DENIED without prejudice. The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Plaintiff has not shown that exceptional circumstances exist in this case. The Clerk shall terminate Docket Nos. 24 and 31.

**IT IS SO ORDERED**.

DATED: March 26, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE