UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMAEL KEDIR ESSA,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPUTY SHERIFF JASON, and DEPUTY NAJERA,<br><br>        Defendants.<br>_____/ | No. C 11-1907 YGR (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Defendants move for summary judgment. Plaintiff has not filed an opposition. For the reasons stated herein, defendants' motion is GRANTED as to all claims against all defendants.

//

//

//

**DISCUSSION**

**I.     Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party will have the burden of proof at trial, however, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(a). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp v. Catrett*, 477 U.S. at 323 (internal quotations omitted).

1   A district court may not grant a motion for summary judgment solely because the
2 opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494–
3 95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that
4 there are no material issues of fact). This is so even if the failure to oppose violates a local
5 rule. *See Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003).

**II.     Claims**

Plaintiff alleges that defendants James Jensen and Louis Najera, two deputy sheriffs at the Santa Clara County Superior Court, used excessive force against him. The motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal*, 26 F.3d at 1494–95 & n.4 (unopposed motion may be granted only after court determines that there are no material issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), rev'd on other grounds sub nom. *Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

The papers in support of the motion for summary judgment are evidence that there was a legitimate need for the application of force, that defendants used an appropriate amount of force, and that such force was applied in a good faith effort to maintain or restore discipline. *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990). The movants' papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. Accordingly, defendants' motion for summary judgment is GRANTED in favor of all defendants as to all claims.

## CONCLUSION

Defendants' motion for summary judgment (Docket No. 45) is GRANTED in favor of all defendants as to all claims. The Clerk shall enter judgment in favor of defendants James Jensen and Louis Najera, two deputy sheriffs at the Santa Clara County Superior Court, as to all claims, terminate Docket No. 45, and close the file.

**IT IS SO ORDERED**.

DATED: July 1, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**